UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANTANA J. GRAY,

    Plaintiff,

    v.                                        CAUSE NO. 3:24-CV-670 DRL-SJF

RON NEAL, HAIL, CROSS, and SHIFT
SUPERVISOR,

    Defendants.

OPINION AND ORDER

Santana J. Gray, a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment and housed under unconsitutional conditions. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

With his complaint, Mr. Gray attaches paperwork related to his grievance of the issues raised here. ECF 1-1. This paperwork shows he did not complete the grievance process because he did not file a timely appeal. "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Failure to exhaust is an affirmative

defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535.

Mr. Gray cannot proceed if he did not first exhaust his administrative remedies. If he has facts based on (and consistent with) the events described in this complaint that show he did exhaust or was prevented from doing so, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If he has no additional facts, it would be futile for him to file an amended complaint.

To amend, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Santana J. Gray until **May 29, 2025**, to file an amended complaint; and

(2) CAUTIONS Santana J. Gray if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 28, 2025				*s/ Damon R. Leichty*
						Judge, United States District Court