UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SANTANA J. GRAY,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, HAIL, CROSS,<br><br>Defendants. | CAUSE NO. 3:24-CV-670-JD-SJF |

OPINION AND ORDER

Santana J. Gray, a prisoner without a lawyer, filed an amended complaint. ECF 14. Under 28 U.S.C. § 1915A, the complaint must be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint needs to contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Gray alleges Officer Cross and Unit Team Manager (UTM) Hail took him to the disciplinary segregation unit at the Indiana State Prison (ISP) on December 29, 2023.[1]

---

[1] The amended complaint says it was December 29, 2024, but that isn't possible, as his original complaint was filed before then—both the original complaint (ECF 1 at 1, 3) and the exhibits attached to

The cell he was placed in had a metal bed, but it didn't have a mattress or any bedding. Gray says it was "freezing, below zero, snowing outside" and that he had "no covers or way to get warm." ECF 14 at 2. He also had "no clothes." *Id*. Gray alleges the window in the cell was "busted out" which caused the entire building to be "freezing." *Id*. He says he suffered from "frost burn." *Id*. Although the amended complaint doesn't say how long these alleged conditions lasted, the attached grievance indicates it was for at least a week. ECF 14-2 at 3.[2] Gray has sued Officer Cross, UTM Hail, and Warden Ron Neal for monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). "An official can violate the Constitution if he or she exhibits deliberate indifference to hazardous conditions that may seriously harm an inmate. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate.

---

the amended complaint (ECF 14-2 at 1–3) make it clear he was taken to the unit/cell in question on December 29, 2023.

[2] The original complaint states, "I slept on metal for 3 days, before receiving bed but I wasn't giving (sic) bedding/blankets for over 7 days." ECF 1 at 3.

*Thomas*, 2 F.4th at 719–20 (internal quotation marks, citations, and brackets omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to the seriousness of the conditions, "[p]risons must 'provide humane conditions of confinement,' *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but that does not mean that prisons must provide a maximally safe environment free from any minor contaminants, *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001)." *Fernandez Haire v. Hepp*, No. 25-1023, 2026 WL 2445437, at *1 (7th Cir. Aug. 20, 2026). "Generally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice,* 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Allegations of vague "overall conditions" aren't sufficient. *Id*. Regarding state of mind, "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous

disregard" for inmate wellbeing). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020); *see also Stockton*, 44 F.4th at 615.

Gray alleges Officer Cross and UTM Hail took him to a freezing cold cell and left him there without clothes, bedding, or blankets. Giving Gray the benefit of the inferences he is entitled to at this stage, it may be inferred they were aware of the extreme weather conditions outside, the broken window(s), and the lack of bedding/clothes, yet failed to do anything to address the situation. Accordingly, Gray has stated plausible Eighth Amendment claims against these individuals. *See Johnson,* 29 F.4th at 904 ("low cell temperature at night combined with a failure to issue blankets" can violate the Eighth Amendment).

Regarding Warden Neal, however, the amended complaint says only that he was "responsible" for Gray's well-being and the facility overall. This is insufficient to state a claim. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (There is no general respondeat superior liability under 42 U.S.C. § 1983.).

For these reasons, the court:

(1) GRANTS Santana J. Gray leave to proceed against Unit Team Manager Hail and Officer Cross in their individual capacities for compensatory and punitive damages

for violating the Eighth Amendment when they deposited him into a freezing cold cell at the Indiana State Prison on December 29, 2023, without any clothes, bedding, or blankets;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Unit Team Manager Hail and Officer Cross at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 14);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Unit Team Manager Hail and Officer Cross to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 1, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT